UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KHAMNMANY THONG PHOUANGPHET,

        Movant,

                                        Case No. 1:15-CV-93

v.

                                        HON. PAUL L. MALONEY

UNITED STATES OF AMERICA,

        Respondent.

_____/

## O P I N I O N

This matter comes before the Court on Movant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) On June 22, 2016, the Government filed a motion to dismiss. (ECF No. 25.) On June 24, 2016, Movant filed a supplement to his § 2255 motion. (ECF No. 27.) On September 28, 2016, the Government filed a response in opposition (ECF No. 35), and on November 18, 2016, Movant filed a second supplement (ECF No. 39) and reply (ECF No. 40). For the reasons that follow, Movant's § 2255 motion is denied.

**I.**

On November 7, 2012, a grand jury returned an indictment charging Movant with eight crimes relating to the trafficking of methamphetamine. (*United States v. Phouangphet*, No. 1:12cr-272, ECF No. 1.) On March 19, 2013, Movant filed a signed plea agreement, in which he pleaded guilty to count one, conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846,

841(a)(1) and 841(b)(1)(A)(viii), and count nine, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*Id.* at ECF No. 53.) In paragraph 13 of the plea agreement, Movant agreed to waive his right to appeal or collaterally attack his sentence. (*Id.* at ECF No. 53, PageID.105.) On March 21, 2013, the Court held a change of plea hearing and accepted Movant's guilty plea. (*Id.* at ECF No. 59.) On August 20, 2013, the Court sentenced Movant to 298 months in custody as to count 1, and 120 months in custody as to count 9, to run concurrently, as well as 5 years of supervised release as to count 1, and 3 years of supervised release as to count 9, also to run concurrently. (*Id.* at ECF No. 92.) Movant filed a *pro se* notice of appeal (*id.* at ECF No. 95), as well as a motion for reconsideration of his sentence (*id.* at ECF No. 96), motion for variance under 18 U.S.C. § 3553(a) (*id.* at ECF No. 100), and motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 (*id.* at ECF No. 120). On June 2, 2014, the United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment. (*Id.* at ECF No. 112.)   The Court granted Movant's motion for reduction under Amendment 782 (*id.* at ECF No. 139), and denied Movant's other motions (*id.* at ECF Nos. 119, 141.) On February 3, 2015, Movant filed this motion to vacate, set aside, or correct his sentence under § 2255. (ECF No. 1.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious

effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief.  *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).  A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982).

## III.

### A. Waiver

The Government contends that Movant's § 2255 motion must be denied because, as part of his plea agreement, Movant waived the right to collaterally attack his sentence.  The Court agrees.  A movant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit "enforce[s] such waivers according to their terms, so long as the defendant entered into the plea agreement knowingly and voluntarily." *Hardin v. United States*, 595 F. App'x 460, 461 (6th Cir. 2014).  Based on Movant's signed plea agreement, the Court finds that his plea was knowing and voluntary.  The agreement stated that:

> I have read this Plea Agreement and carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this Agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

(*United States v. Phouangphet*, No. 1:12-cr-272 (W.D. Mich.), Plea Agreement, ECF No. 53, PageID.108.)

The plea agreement also included a waiver of appeal and collateral attack:

> Defendant understands that the law affords Defendant the right to appeal the sentence imposed. Acknowledging this, Defendant knowingly waives the right to appeal any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742. Nevertheless, as a matter of law, Defendant retains the right to appeal a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion, national origin or gender. Defendant acknowledges that this waiver is in exchange for the substantial concessions made by the United States Attorney's Office in this Agreement, including those enumerated in Paragraph No. 7. Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel). This agreement does not affect in any way the right of the United States Attorney's Office to appeal the sentence imposed by the Court.

(*Id.* at ¶ 13, PageID.105.)

When Movant signed the Plea Agreement, he explicitly waived his right to collaterally attack his conviction, except for claims of involuntary waiver or that the waiver was the product of ineffective assistance of counsel. In addition, Movant's statements under oath during his change of plea hearing show that he understood the agreement, including the waiver provision. (*Id.* at ECF No. 106, PageID.480-87.) He also confirmed that he was of sound mind at the plea hearing, that he had carefully discussed the

4

agreement with his attorney, that the plea agreement was entered into voluntarily, and that he understood

the rights he waived under the agreement, including the right to appeal his sentence.  (*Id*.)

The Government argues that post-plea favorable developments in the law are not, as a matter of

law, outside the scope of an otherwise binding waiver.  *See United States v. Bradley*, 400 F.3d 459, 465

(6th Cir. 2005) ("Plea agreements, the Supreme Court has long instructed, may waive constitutional or

statutory rights then in existence as well as those that courts may recognize in the future.").  "[W]here

developments in the law later expand a right that a defendant has waived in a plea agreement, the change

in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature."

*Id.* at 463.  Thus, "'absent misrepresentation or other impermissible conduct by state agents, . . . a

voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable

because later judicial decisions indicate that the plea rested on a faulty premise.'" *Id.* (quoting *Brady v.*

*United States*, 397 U.S. 742, 757 (1970) (holding that a defendant could not claim his plea was

involuntary by relying on a Supreme Court decision that declared unconstitutional a provision relevant to

his criminal sentence); *see also Petrillo v. United States*, 147 F. Supp. 3d 9, 21-22 (D. Conn. 2015)

(holding that a waiver of collateral attack barred a *Johnson* guideline claim).  Because plea agreements are

like contracts, they should be interpreted in accord with what the parties intended.  *Bradley*, 400 F.3d at

465.  The Supreme Court's decision in *Johnson* does not undermine Movant's expectations in his plea

agreement or render the appellate waiver unknowing or involuntary.  *See In re Garner*, 664 F. App'x 441,

443-44 (6th Cir. 2016) (collecting cases).  Thus, Movant's "'willingness . . . to waive his right to appeal'

and to attack his sentence collaterally 'binds him no less now than it did when he signed the agreement."

*Id.* at 444 (quoting *Bradley*, 400 F.3d at 466).

**B. Sentencing Guidelines Claim**

Despite the waiver, Movant's claim that he is entitled to relief in light of *Johnson* is without merit.

Movant argues that, applying the rationale of *Johnson* to the Sentencing Guidelines, the Court improperly

calculated his Guidelines range under U.S.S.G. § 4B1.2(a).  In *Beckles v. United States*, __ U.S. ___,

2017 WL 855781 (Mar. 6, 2017), the Supreme Court held that the Guidelines, including § 4B1.2(a), are

not subject to vagueness challenges. Consequently, the Supreme Court's decision in *Johnson*, which held

that the residual clause of the Armed Career Criminal Act was unconstitutionally vague and violated due

process, 135 S.Ct. at 2563, does not affect defendants sentenced under the career-offender Guideline.

Thus, Movant's claim is without merit.

IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence

imposed upon his by this Court will be denied.  Because the Court finds that the "motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no

evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of

appealability.  To warrant the grant of a certificate of appealability, Movant "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Sixth Circuit has disapproved of the

issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir.

2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine

whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the

denial of a federal constitutional right with respect to his claim, a certificate of appealability will be denied.

A judgment and order will enter in accordance with this opinion.


Dated:  March 10, 2017                        /s/ Paul L. Maloney                
                                              PAUL L. MALONEY
                                              UNITED STATES DISTRICT JUDGE